EDWARD H. KUBO, JR.  #2499
United States Attorney
District of Hawaii

FLORENCE T. NAKAKUNI #2286
Chief, Drug/Organized Crime Section

THOMAS J. BRADY       #4472
Assistant U.S. Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii   96850
Telephone:  (808) 541-2850
Facsimile:  (808) 541-2958
tom.brady@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| STUART SEUGASALA, JR. <br> aka "Tone," <br>         Petitioner, <br> <br>    vs. <br> <br> <br> <br> UNITED STATES OF AMERICA, <br> <br> <br>         Respondent. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | CR. NO. 00-00106 HG <br> CR. NO. 01-00135 HG <br> <br> UNITED STATES MEMORANDUM IN <br> RESPONSE TO DEFENDANT'S <br> MOTION UNDER 18 U.S.C. <br> § 3582(c)(2) FOR REDUCTION IN <br> TERM OF IMPRISONMENT; <br> CERTIFICATE OF SERVICE <br> <br> <br> DATE: August 5, 2008 <br> TIME:  10:30 a.m. <br> JUDGE: Helen Gillmor |

**UNITED STATES MEMORANDUM IN OPPOSITION TO
DEFENDANT'S MOTION UNDER 18 U.S.C. § 3582(c)(2)
FOR REDUCTION IN TERM OF IMPRISONMENT**

On May 16, 2008, Defendant STUART SEUGASALA, also known as "Tone," ("SEUGASALA" or "Defendant") filed a motion for reduction of sentence, pursuant to 18 U.S.C. § 3582(c)(2), based on a recent amendment to the Sentencing Guidelines which lowered the base offense levels applicable to cocaine base ("crack") offenses.  While the amendment does apply to SEUGASALA's case, this Court has discretion with regard to whether to grant it, and the government submits, for the reasons set forth below, that the defendant's sentence should not be lowered.

**I.   BACKGROUND**

    **A.   Original Sentencing Below**

On April 11, 2001, SEUGASALA pleaded guilty to one count of conspiracy to possess with intent to distribute in excess of 5 kilograms of cocaine and 50 grams of cocaine base (crack) in violation of Title 21, United States Code, Section 841(a)(1) and 846 in Criminal No. 01-00135 HG, and one count of conspiracy to knowingly and intentionally possess with intent to distribute in excess of 50 grams of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 846 in Criminal No. 00-00106 HG.[1]

---

[1] On March 28, 2001, an Indictment filed in the District of Alaska as to Stuart Seugasala and Ryan Laulu, also known as "Leo Silva," was transferred to the District of Hawaii pursuant to Rule 20.  The case was subsequently designated Criminal No. 01-00135 HG.

On February 19, 2002, SEUGASALA's sentencing hearing was heard. Pursuant to the United States Sentencing Guidelines, Section 2D1.1, Application Note 10, the Drug Equivalency Table was utilized to calculate a single offense level for the offenses involving different types and quantities of drugs SEUGASALA was responsible for possessing and distributing. As a single offense level is computed by converting the different quantities of drugs to an equivalent amount of marijuana, the results were as follows:

> 401.8 grams of "ice" = 4,018 kilograms of marijuana
>
> 1,866.2 grams of generic methamphetamine = 3,732.4 kilograms of marijuana
>
> 14.3 grams of cocaine base = 286 kilograms of marijuana
>
> 5,026.5 grams of cocaine = 1,005.3 kilograms of marijuana
>
> 52.1 grams of marijuana = 0.0521 kilograms of marijuana

Thus, SEUGASALA was held accountable for the equivalent of 9,041.75 kilograms of marijuana.  According to U.S.S.G. Section 2D1.1(c)(2), the base offense level for an offense involving the equivalent of at least 3,000 kilograms but less than 10,000 kilograms of marijuana is Level 34.

Given several other factors in determining his sentence, SEUGASALA's total offense level was 39 and a criminal

history category of I, with a guideline range for imprisonment of 262 to 327 months.

Based upon substantial assistance to the Government, the Government filed a motion for downward departure, which was granted. SEUGASALA was sentenced to 151 months imprisonment, five years supervised release, with the terms for the respective cases to be served concurrently, and a $100 assessment for each count charged in Criminal No. 01-00135 HG and Criminal No. 00-00106 HG.

On July 1, 2002, the Government filed the United States' Rule 35(b) Motion for Downward Departure in Sentencing, based upon further cooperation by SEUGASALA. This Court granted the United States' motion, and SEUGASALA term of imprisonment was reduced to 131 months, which was a deduction of 20 months.

**II.   LAW OF THE CASE**

Section 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In Section 1B1.10 of the Guidelines, the Sentencing Commission has identified the amendments which may be applied

retroactively pursuant to this authority, and articulated the proper procedure for implementing the amendment in a concluded case.[2] On December 11, 2007, the Commission issued a revised version of Section 1B1.10, which emphasizes the limited nature of relief available under 18 U.S.C. § 3582(c). Revised Section 1B1.10(a), which becomes effective on March 3, 2008, provides, in relevant part:

> (1) _In General_.—In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

---

[2] Section 1B1.10 is based on 18 U.S.C. § 3582(c)(2), and also implements 28 U.S.C. § 994(u), which provides: "If the Commission reduces the term of imprisonment recommended in the guidelines applicable to a particular offense or category of offenses, it shall specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced."

A guideline amendment may be applied retroactively only when expressly listed in Section 1B1.10(c). See, e.g., United States v. Perez, 129 F.3d 255, 259 (2d Cir. 1997); United States v. Thompson, 70 F.3d 279, 281 (3d Cir. 1995); United States v. McHan, 386 F.3d 620, 622 (4th Cir. 2004); United States v. Drath, 89 F.3d 216, 218 (5th Cir. 1996); United States v. Dullen, 15 F.3d 68, 70-71 (6th Cir. 1994); United States v. Wyatt, 115 F.3d 606, 608-09 (8th Cir. 1997); United States v. Cueto, 9 F.3d 1438, 1441 (9th Cir. 1993); United States v. Avila, 997 F.2d 767, 768 (10th Cir. 1993); United States v. Armstrong, 347 F.3d 905, 909 (11th Cir. 2003).

    (2)  <u>Exclusions</u>.—A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if—

        (A)  none of the amendments listed in subsection (c) is applicable to the defendant; or

        (B)  an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.

    (3)  <u>Limitation</u>.—Consistent with subsection (b), proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant.

The amendment in question in this matter is Amendment 706, effective November 1, 2007, which reduced the base offense level for most cocaine base ("crack") offenses.[3] On December 11, 2007, the Commission added Amendment 706 to the list of amendments stated in Section 1B1.10(c) which may be applied retroactively, effective March 3, 2008.

In Amendment 706, the Commission generally reduced by two levels the offense levels applicable to crack cocaine offenses. The Commission reasoned that, putting aside its stated criticism of the 100:1 ratio applied by Congress to powder cocaine and crack cocaine offenses in setting statutory mandatory minimum penalties, the Commission could respect those mandatory

---

[3] Amendment 706 was further amended in the technical and conforming amendments set forth in Amendment 711, also effective November 1, 2007.

penalties while still reducing the offense levels for crack offenses.  See U.S.S.G., Supplement to App. C, Amend. 706.[4]

Previously, the Commission had set the crack offense levels in Section 2D1.1 above the range which included the mandatory minimum sentence.  Under the amendment, the Commission has set the offense levels so that the resulting guideline range includes the mandatory minimum penalty triggered by that amount, and then set corresponding offense levels for quantities which fall below, between, or above quantities which trigger statutory mandatory minimum penalties.  For example, a trafficking offense involving five grams of crack cocaine requires a statutory mandatory minimum sentence of five years imprisonment.  See 21 U.S.C. § 841(b)(1)(B).  Therefore, the revised guideline applies an offense level of 24 to a quantity of cocaine base ("crack") of at least five grams but less than 20 grams; at criminal history category I, this level produces a range of 51-63 months (encompassing the 60-month mandatory minimum).

The final result of the amendment is a reduction of two levels for each of the ranges set in the guidelines for crack offenses.  At the high end, the guideline previously applied

---

[4]In a separate matter, the Supreme Court recently held in Kimbrough v. United States, 128 S. Ct. 558 (2007), that district courts "may consider the Guidelines' treatment of crack and powder cocaine offenses" in deciding whether to vary from the advisory Guidelines range for crack offenders. However, that issue is not pertinent to this case, which involves only a § 3582(c)(2) reduction based on a specific guideline amendment.

offense level 38 to any quantity of crack of 1.5 kilograms or more.  That offense level now applies to a quantity of 4.5 kilograms or more; a quantity of at least 1.5 kilograms but less than 4.5 kilograms falls in offense level 36.  At the low end, the guideline previously assigned level 12 to a quantity of less than 250 milligrams.  That offense level now applies to a quantity of less than 500 milligrams.  Amendment 711 also made conforming amendments to the drug conversion chart which is employed where the offenses of conviction involved crack as well as other controlled substances.

### III. SUGGESTED RELIEF

SEUGASALA is not correct that Amendment 706 reduced the guideline range applicable in his case and, therefore, the Court should not consider whether to reduce his sentence. By deleting or not considering the 14.3 grams of cocaine base, which was the equivalent of 286 kilograms of marijuana, Defendant would still be held accountable for 8,755.75 kilograms of marijuana.  Indeed, there would have been no reduction in SEUGASALA's base offense level by the exclusion of the "crack" cocaine attributed to SEUGASALA. In this case, the "crack" cocaine was involved only minimally in multiple offenses of conviction, and under the grouping rules, the "crack" offense becomes irrelevant to the final offense level in this case.

Although SEUGASALA may qualify for a reduction in sentence under Section 3582(c)(2) and the applicable policy statements of the Commission, a reduction of sentence is not automatic.  This Court's discretion is set forth in Section 3582(c)(2) itself, which provides:  "the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  Thus, "[t]he grant of authority to the district court to reduce a term of imprisonment is unambiguously discretionary," even when the guideline range is actually reduced.  United States v. Vautier, 144 F.3d 756, 760 (11th Cir. 1998).[5]

Similarly, Section 1B1.10 directs that "the court shall consider the factors set forth in 18 U.S.C. § 3553(a) in determining . . . whether a reduction in the defendant's term of imprisonment is warranted."  Id. app. note 1(B)(I); see also U.S.S.G. § 1B1.10 background ("The authorization of such a discretionary reduction does not otherwise affect the lawfulness

---

[5] In Vautier, the Eleventh Circuit held that the district court did not abuse its discretion in denying a Section 3582(c)(2) motion for reduction of sentence, upon considering the 3553(a) factors.  The district court denied the motion, stating that "in light of this Court's expressed concern of the defendant's demonstrated violence and factoring all of the other considerations that went into the establishment of this defendant's sentence, the same sentence would have been imposed under the current amended guidelines."  Vautier, 144 F.3d at 759.

of a previously imposed sentence, does not authorize a reduction in any other component of the sentence, and does not entitle a defendant to a reduced term of imprisonment as a matter of right."). All courts are in accord on this point. <u>United States v. Whitebird</u>, 55 F.3d 1007, 1010 (5th Cir. 1995) (district court permissibly declined to reduce sentence); <u>United States v. Ursery</u>, 109 F.3d 1129, 1137 (6th Cir. 1997); <u>United States v. Coohey</u>, 11 F.3d 97, 101 (8th Cir. 1993); <u>United States v. Wales</u>, 977 F.2d 1323, 1327-28 (9th Cir. 1992); <u>United States v. Mueller</u>, 27 F.3d 494, 497 n.5 (10th Cir. 1994).

"Thus, reading § 3582(c)(2) and the Sentencing Guidelines together, the district court must make two distinct determinations before deciding whether to reduce a defendant's sentence under § 3582(c)(2)." <u>Vautier</u>, 144 F.3d at 760. First, Section 1B1.10(b) directs:

> In determining whether, and to what extent, a reduction in the term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced . . .

In other words, "the court must substitute the amended guideline range for the originally applied guideline range and determine what sentence it would have imposed. In undertaking this first step, only the amended guideline range is changed. All other

9

guideline application decisions made during the original sentencing remain intact." Vautier, 144 F.3d at 760. Then, in the second step, "in light of the conclusion reached in the first step, the court must consider the factors listed in § 3553(a) and determine whether or not to reduce the defendant's original sentence." Id.[6]

Subject to the limits set forth in Section 1B1.10(b), to be discussed below, the Court may consider all pertinent information in applying the Section 3553(a) factors and determining whether and by how much to reduce the defendant's sentence. In particular, the Court must consider public safety considerations, and may consider information regarding the post-sentencing conduct or situation of the defendant, whether positive or negative. Revised application note 1(B)(ii) directs that "[t]he court shall consider the nature and seriousness of

---

[6]   The Eighth Circuit has also endorsed and explained at length this two-step procedure. United States v. Hasan, 245 F.3d 682, 684-85 (8th Cir. 2001)(*en banc*), citing United States v. Wyatt, 115 F.3d 606 (8th Cir. 1997).

In United States v. Legree, 205 F.3d 724, 728 (4th Cir. 2000), the court stated that it disagreed with the need for or utility of the two-step method. However, the essence of its ruling was that the district court's proper consideration of the factors relevant to a Section 3582(c)(2) reduction of sentence, including consideration of the Section 3553(a) factors, may be presumed from the record. The court did not criticize the underlying proposition that a trial court in fact should consider the guideline range as affected only by the guideline amendment, and should then apply the Section 3553(a) factors in determining whether to reduce the sentence.

10

the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment." Revised application note 1(B)(iii) further directs that "[t]he court may consider post-sentencing conduct of the defendant that occurred after the imposition of the original term of imprisonment." The application note explains that these factors are relevant in determining whether and by how much to reduce a sentence, but only within the limits set forth in Section 1B1.10(b).

If this Court decides to reduce the sentence, the extent of the reduction is strictly limited. Congress delegated to the Sentencing Commission the authority to determine to what extent a sentence may be reduced. See 18 U.S.C. § 3582(c)(2); 28 U.S.C. § 994(u). The Commission, in turn, directed in Section 1B1.10(b) that, with one exception (where the defendant earlier received a below-guideline sentence), "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1)." U.S.S.G. § 1B1.10(b)(2)(A). An application note adds: "[u]nder subsection (b)(2), the amended guideline range determined under subsection (b)(1) and the term of imprisonment already served by the defendant limit the extent to which the court may reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement. Specifically, if the original term of

11

imprisonment imposed was within the guideline range applicable to the defendant at the time of sentencing, the court shall not reduce the defendant's term of imprisonment to a term that is less than the minimum term of imprisonment provided by the amended guideline range determined under subsection (b)(1)." U.S.S.G. § 1B1.10 app. note 3.[7]  Thus, the Court may not reduce the sentence below the range provided by the amended guideline, and "in no case . . . shall the term of imprisonment be reduced below time served."  U.S.S.G. § 1B1.10 app. note 3.[8]

In sum, this Court must consider the § 3553(a) factors and the other considerations addressed above in determining

---

[7]  Application note 3 provides an example of this rule:

> For example, in a case in which: (1) the guideline range applicable to the defendant at the time of sentencing was 41 to 51 months; (2) the original term of imprisonment imposed was 41 months; and (3) the amended guideline range determined under subsection (b)(1) is 30 to 37 months, the court shall not reduce the defendant's term of imprisonment to a term less than 30 months.

[8]  Application note 4(B) states that if the prohibition in subsection (b)(2)(C) relating to time already served precludes a reduction in the term of imprisonment to the extent the court determines otherwise would have been appropriate as a result of the amended guideline range determined under subsection (b)(1), the court may consider any such reduction that it was unable to grant in connection with any motion for early termination of a term of supervised release under 18 U.S.C. § 3583(e)(1).  That issue is not ripe, however, with regard to a current prisoner. A court may not reduce a term of supervised release under a motion pursuant to section 3582(c)(2).  The matter must await a motion under section 3583(e)(1) filed "at any time after the expiration of one year of supervised release," addressing "the conduct of the defendant released."  18 U.S.C. § 3583(e)(1).

whether and to what extent to reduce the sentence. In the instant case, the government submits that a reduction in SEUGASALA's sentence is not warranted. Originally facing a term of imprisonment of 262 to 327 months, SEUGASALA earned a reduction in prison time to 131 months, half of what he was facing. Currently, SEUGASALA has been released from the Federal Detention Center in Seattle, Washington, to the Pioneer Halfway house. SEUGASALA has a projected release date of January 23, 2009. The next several years of supervised release is critical to SEUGASALA's re-entry into the law abiding community and his supervision should not be terminated any earlier than necessary.

## IV. CONCLUSION

For the reasons stated above, the Government respectfully urges the Court that a reduction in sentence is unwarranted and that the Court deny Defendant's motion for reduction in sentence.

DATED: August 1, 2008, at Honolulu, Hawaii.

Respectfully submitted,

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

By /s/ Thomas J. Brady
THOMAS J. BRADY
Assistant U.S. Attorney

13

CERTIFICATE OF SERVICE

I hereby certify that, on the date and by the method of service noted below, a true and correct copy of the foregoing was served on the following at their last known addresses:

Served Electronically through CM/ECF

RUSTAM A. BARBEE, ESQ.   rustam@honoluluattorney.com   August 1, 2008

Attorney for Petitioner
STUART SEUGASALA, JR.

DATED:  Honolulu, Hawaii, August 1, 2008.

/s/ Shelli Ann H. Mizukami